IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW JAMES WEILER,

                Plaintiff,

  v.

MARATHON CNTY. JAIL, ROBERT A. VOSSBURG, OFFICER GAULKE, OFFICER HARPER, OFFICER ZAMZOW, OFFICER WANDEN, OFFICER KREMSREITER, and DEPUTY MODRZEJEWSKI,

                Defendants.

OPINION and ORDER

25-cv-1005-jdp

---

    Plaintiff Matthew James Weiler is currently housed at the Marquette County Jail, but he was housed at Marathon County Jail when the events at issue occurred. Weiler alleges that a prisoner at Marathon County Jail, defendant Robert A. Vossburg, assaulted him, and that other defendants, mostly officers at Marathon County Jail, failed to protect him from the assault. Weiler is proceeding without counsel.

    Weiler proceeds without prepaying the filing fee, so I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim for which I could grant relief, or seeks money damages from an immune defendant. I must accept Weiler's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss Weiler's complaint for lack of subject matter jurisdiction and other problems, but I will allow Weiler to amend the complaint to fix those problems.

BACKGROUND

In September 2022, Weiler pleaded guilty to second-degree sexual assault of a child. *See* docket sheet in Marathon County case no. 2021CF1041.[1] Weiler was sentenced to three and a half years of initial confinement and sixteen and a half years of extended supervision. *See id.* Weiler is currently appealing his judgment of conviction in the '1041 case. *See id.*

In mid-January 2025, Weiler was charged with first-degree sexual assault of a child. *See* docket sheet in Marathon County case no. 2025CF53. A week later, Weiler was released from Racine Correctional Institution on extended supervision, at which time he was transported to Marathon County Jail in connection with the '53 case. *See id.*[2] Weiler's charges in the '53 case are pending. *See* docket sheet in the '53 case.

ALLEGATIONS OF FACT

While housed at Marathon County Jail, Weiler was threatened numerous times because he's been charged with sex offenses. Based on these threats, Weiler has been moved to several units. Weiler has told many guards about these threats. Defendant Officer Wanden responded that nothing will happen to Weiler and that Weiler, not his criminal cases, was the problem.

On August 4, 2025, someone threatened Weiler's life. The next day, Vossburg assaulted Weiler, causing injuries that required a hospital visit and stitches. After being discharged, Weiler was held in a receiving cell until he was transported to Marquette County Jail for his safety.

---

[1] The docket sheets in Weiler's state cases are available at https://wcca.wicourts.gov/case.html.

[2] *See also* https://appsdoc.wi.gov/lop/home/home.

2

ANALYSIS

Weiler indicates on his complaint form that he is suing under state law only, but he does not assert any specific state-law cause of action. I take Weiler to bring a state-law assault and battery claim against Vossburg, and a state-law negligence claim against the other defendants. Weiler seeks $3 million in damages, dismissal of the charges in the '53 case, and reduction of his extended supervision in the '1041 case.

**A. Diversity jurisdiction**

If Weiler brings his lawsuit under Wisconsin law, the only possible basis for jurisdiction is diversity of citizenship. District courts have subject matter jurisdiction over civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). The jurisdictional statute requires "complete diversity of citizenship." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). "That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Id.* (emphasis in original). "[A] political subdivision of a State . . . is a citizen of the State for diversity purposes." *Moor v. Alameda Cnty.*, 411 U.S. 693, 717 (1973). Weiler has the burden to allege a basis for diversity jurisdiction. *See Sykes v. Cook Inc.*, 72 F.4th 195, 205 (7th Cir. 2023).

Weiler is a Wisconsin citizen. Weiler does not specify the citizenship of the individual defendants, Dkt. 1 at 2, but he has alleged no facts plausibly suggesting that each of them is a citizen of another state. Weiler also sues Marathon County Jail, which has Wisconsin citizenship. *See Moor*, 411 U.S. at 717. Weiler has not shown a basis for the court to exercise diversity jurisdiction over his state-law claims.

3

### B. Federal question jurisdiction

Plaintiffs proceeding without counsel are not required to plead legal theories, so I will consider whether Weiler could cure the jurisdictional problem by seeking relief under federal law. *See Shea v. Winnebago Cnty. Sheriff's Dep't*, 746 F. App'x 541, 545 (7th Cir. 2018). The basic idea of Weiler's complaint is that the officer defendants disregarded the risk that he would be assaulted.

There is a preliminary question regarding what federal constitutional amendment would apply to Weiler's claim challenging his conditions of confinement. The Eighth Amendment applies to convicted prisoners and would govern Weiler's claim if he was in DOC custody when the events occurred. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). But Weiler was released on extended supervision in late January 2025, at which time he was taken into custody at Marathon County Jail in connection with the '53 case. The docket sheets in the '53 and '1041 cases don't indicate that Weiler's extended supervision has been revoked, and the charge in the '1041 case is pending. Given these facts, I will assume for purposes of this opinion that Weiler was a pretrial detainee when the events on which he would base a conditions-of-confinement claim occurred. So I must analyze this claim under the Fourteenth Amendment. *See Pittman by & through Hamilton v. Madison Cnty., Ill.*, 108 F.4th 561, 566 (7th Cir. 2024); *Voss v. Marathon Cnty.*, No. 18-cv-540-jdp, 2021 WL 148732, at *4 (W.D. Wis. Jan. 15, 2021).

To state a claim under the Fourteenth Amendment based on unlawful conditions of confinement, Weiler must plausibly allege that: (1) defendants engaged in intentional conduct or made an intentional decision about the conditions of his confinement; and (2) defendants' conduct or decision was objectively unreasonable in the circumstances. *See Est. of Sillah by Carter v. City of Madison*, No. 23-cv-96-jdp, 2024 WL 4650945, at *9 (W.D. Wis. Nov. 1, 2024). The

4

first element "requires proof only that [defendants] made an intentional decision about [Weiler's] conditions." *Id.* If Weiler proves that defendants "acted intentionally, then the analysis moves on to whether a reasonable officer under the circumstances would have engaged in that conduct or made that decision." *Id.*

I begin with Weiler's claim against defendant Wanden, the only officer defendant that Weiler mentions in the body of the complaint. Weiler alleges that he told many guards that he was being threatened and that Wanden responded that nothing would happen and that Weiler, not his criminal cases, was the problem. Weiler does not provide any other details about this conversation or even allege when it occurred. Nor does Weiler explain what Wanden did, or failed to do, in response to this conversation. Weiler alleges that he was threatened the day before Vossburg assaulted him, but he does not allege that Wanden was aware of that threat. Without more facts explaining how Wanden failed to protect Weiler from an assault, I cannot plausibly infer that Wanden made an intentional decision about Weiler's conditions of confinement that was objectively unreasonable. I will not allow Weiler to proceed on this claim against Wanden.

I turn to the other officer defendants. I will not allow Weiler to proceed against these individuals because he did not specifically explain how any of them violated his rights in the complaint's body. *Stewart v. Rice*, No. 12-cv-339-bbc, 2012 WL 2328227, at *2 (W.D. Wis. June 19, 2012) ("Plaintiff cannot state a claim upon which relief may be granted against defendants not discussed in the body of the complaint."). Without more facts, I cannot plausibly infer that any of these individuals was personally involved in any disregard of Weiler's safety. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017).

The remaining government-affiliated defendant is Marathon County Jail. I will not allow Weiler to proceed against the jail because it is not a legal entity subject to suit under 42 U.S.C. § 1983. *See Whiting v. Marathon Cnty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004).

That leaves Vossburg. "Because § 1983 actions may only be maintained against defendants who act under color of state law, the defendants in § 1983 cases are usually government officials [i.e., state actors]." *London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th Cir. 2010). I will not allow Weiler to proceed on this claim against Vossburg because he is not a state actor. *See Stewart v. McBride*, 68 F.3d 477, *1 n.1 (7th Cir. 1995).

Weiler has not stated a plausible Fourteenth Amendment claim, so viewing the complaint under federal law does not cure the jurisdictional problem.

## C.  Requests for injunctive relief

I will not allow Weiler to proceed on his requests for dismissal of the charges in the '53 case and reduction of his extended supervision in the '1041 case. Section 1983 "is not a vehicle for dismissing pending state or federal criminal charges and cannot be used to secure release from custody." *Garrett v. Illinois*, No. 24-cv-1829, 2025 WL 894950 (S.D. Ill. Mar. 24, 2025). Weiler would have to seek that relief in his criminal cases, whether through a pretrial motion, appeal, or postconviction motion.

CONCLUSION

I will allow Weiler to file an amended complaint that fixes the above pleading problems. The amended complaint must be filed on the court's prisoner complaint form, which the court will send him with this order. If he needs additional space, he may include no more than five supplemental pages.

In drafting his amended complaint, Weiler should remember to:

- Carefully consider whether he is naming proper defendants and omit defendants who did not personally participate in or cause a violation of his rights. Weiler must take care to allege what each defendant did, or failed to do, to violate his rights.

- Weiler should avoid referring to several defendants together. For instance, if more than one defendant has taken a particular action that Weiler believes supports a claim, he should identify each defendant who took that action.

- Identify by full name all the individuals he wishes to sue in the amended complaint's caption.

- Omit legal arguments other than explaining what types of claims he wishes to assert.

ORDER

IT IS ORDERED that:

1. Plaintiff Matthew James Weiler's complaint, Dkt. 1, is DISMISSED.

2. Plaintiff may have until March 6, 2026, to submit an amended complaint that fixes the problems identified in this order.

3. Plaintiff must file his amended complaint on the court's prisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages. Any text on the form or a supplemental page must be large enough and have enough spacing between lines and in the margins for the court to read it easily.

4. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

5. If plaintiff fails to comply with this order, I may dismiss this case.

6. Plaintiff must inform the court of any new address. If he fails to do this and defendants or the court cannot locate him, this case may be dismissed.

7. Plaintiff is to be sent a copy of the court's prisoner complaint form.

Entered February 4, 2026.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge